COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-109-CV

GREGORY D. ROWE APPELLANT

V.

BINH DUC NGUYEN APPELLEE

------------

FROM JUSTICE COURT, PRECINCT ONE OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory D. Rowe is attempting to appeal from an order of a Justice of the Peace which grants a motion for continuance for a hearing on a pauper’s affidavit.  On April 4, 2007, we notified Appellant of our concern that we lacked jurisdiction over the appeal and that, unless he filed a response showing grounds for continuing the appeal, the appeal was subject to dismissal for want of jurisdiction.
(footnote: 2)  Appellant’s response does not show grounds for continuing this appeal.  Accordingly, we dismiss the appeal for want of jurisdiction.
(footnote: 3) 

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  May 3, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See
 
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 (Tex. 2001)
 (providing general rule that an appeal may be taken only from a final judgment); 
Tex. Civ. Prac. & Rem. Code Ann
. § 51.014 (Vernon Supp. 2006) (listing types of appealable interlocutory orders); 
see also
 
Tex. Gov’t Code Ann.
 § 28.052 (Vernon Supp. 2006) (stating that appeal from final judgment in justice of peace court acting as small claims court is to the county court or county court at law); 
Tex. R. Civ. P.
 571-574b (pertaining to perfecting appeal from justice court to county court).

3:
See
 
Tex. R. App. P.
 42.3(a), 43.2(f); 
Stary v. DeBord
, 967 S.W.2d 352, 352-53 (Tex. 1998) (holding appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction).